IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-HC-02171-D

**Marquise D. Carter,**

        Petitioner,

v.

**Stephanie Hollembaek**,

        Respondent.

**Memorandum & Recommendation**

On August 6, 2015, petitioner Marquise D. Carter, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. D.E. 1. The matter is before the court for an initial review pursuant to 28 U.S.C. § 2243.

Carter's sole ground for relief states "I am being held in a low security facility, though I should be being held in a minimum security facility." Pet. at 2-3, D.E. 1. Generally, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *See Marino v. Masters*, No. CIV.A. 1:12-00393, 2015 WL 66511, at *8 (S.D.W. Va. Jan. 5, 2015) (holding that § 2241 was improper vehicle for seeking a lower custody level); *see also Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *O'Bar v. Pinion*, 953 F.2d 74, 83-84 (4th Cir. 1991); *Thomas v. Caraway*, Civil Action No. CCB-10-2031, 2011 WL 2416643, at *3 (D. Md. June 10, 2011) (unpublished); *Newbold v. Stansberry*, No. 1:08cv1266, 2009 WL 86740, at *4 (E.D. Va. Jan. 12, 2009) (unpublished), *aff'd per curiam*, 332 F. App'x 927 (4th Cir. 2009) (unpublished). Thus, the undersigned recommends the dismissal of Carter's petition for failure to state a claim.

The undersigned also recommends that the court not issue a certificate of appealability. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently, or that they are adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

In sum, the undersigned recommends that the district court dismiss Carter's petition. The undersigned also recommends that the district court deny a certificate of appealability.

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above,**

2

and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: April 18, 2016

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE